## RECOVERY OF INTEREST FROM BANKS ON PUBLIC FUNDS.

Common Pleas Court of Allen County.

BENJAMIN F. WELTY, PROSECUTING ATTORNEY, v. THE OHIO NATIONAL BANK.

Decided, March, 1908.

*Interest—Recovery of, as Damages—For the Unlawful Use of County Funds by Banks—Nature of the Action—Application of the Statute of Limitations—Exceptions as to Trusts—Not an Action on the Ground of Fraud—Defenses—Measure of Recovery—Section 4981.*

1. An action by a prosecuting attorney to recover interest from a bank by way of damages for the alleged unlawful use of county funds,

obtained from different county treasurers during a period of twenty years, is an action for the benefit of the county, and is governed by the limitations prescribed in Section 4981.

2. While such an action arises out of a trust, it can not be entertained in equity regardless of the statute of limitations, for the reason that it was not an express but a resulting trust.

3. Nor is it an action for relief on the ground of fraud; and if it were the statute would begin to run from the time the fraud was discovered or ought to have been discovered.

4. There is no merit in the contention in such a case that so long as there were funds in the bank sufficient to pay in full the amount of the treasurer's deposit, the bank had no use of the county funds and there was no commingling of them with its own.

5. As to the measure of recovery, it is the amount of profit accruing to the bank from the use of the county funds; and if it is impracticable or impossible to determine exactly the amount of this profit, interest should be allowed at the rate of six per cent.

*B. F. Welty*, Prosecuting Attorney; *Frank Downing* and *John Roby*, for plaintiff.

*Jas. H. Halfhill*, contra.

MATHERS, J.

It will not be necessary for the court at this time to state formally the issues joined. They seem to be fully set out in the briefs and I think everybody interested in the case is familiar with them. In brief, this is an action by the prosecuting attorney to recover interest, by way of damages, for the alleged unlawful use of county funds which the defendant obtained from the several treasurers covering the period between 1888 and the filing of this petition.

Various defenses are interposed, among them the statute of limitations, and that the plaintiff has no capacity to sue, as well as the defense upon the merits, it being contended by the defendant that if this be a trust fund and impressed with that character, yet as long as the defendant had an amount equal to the amount belonging to the beneficiary in its possession, equity will presume that it was using its own funds in its business and not that it was using the trust fund.

Regardless of the statute of limitations it is quite clear that the relator has no capacity to sue in this action for alleged

wrongs committed prior to April 25th, 1898, the date of the enactment of Section 1277 as it now stands.    That point was determined in *Ohio, ex rel Schwartz, Prosecuting Attorney,* v. *Zumstein,* 4 C. C., 268, which was affirmed by the Supreme Court on the reasoning of the circuit court, 30 Western Law Bulletin, 275.    For causes of action arising prior to that date, if any county authority might sue, it would be the county commissioners.    4 C. C., 275.

Does the statute of limitation operate to bar an action such as this?    The character of the real party in interest will determine. If it be the state, then the statute does not apply (*Seely* v. *Thomas,* 31 O. S., 301, 308, citing 16 O. S.; 11).    If the county, then the statute does apply (*Hartman* v. *Hunter,* 56 O. S., 175, 180, and the cases cited).    And so, even though the subject-matter of the action be public funds wrongfully withheld (*Mount* v. *Lakeman, Clerk of Millcreek Township,* 21 O. S., 643, where it was held that an action on behalf of a township to recover school funds which a treasurer had appropriated to his own use, is barred by the limitation of six years) ; and the case of *Oxford Township* v. *Columbia,* 38 O. S., 87, where it was held that "trustees of a township, holding title to lands granted to them by the general government for school purposes, are not exempt from the operation of the statute of limitations, in an action prosecuted by them to recover possession of the premises."

The relator in this case is able to maintain the action only because of his official position as county prosecuting attorney, and by virtue of Section 1277.    That section specifically provides that any public monies illegally withdrawn or withheld may be by him recovered back *for the use of the county;* and nowhere does it provide that it shall be for the use of the state, or that he has a right to sue and recover back such funds.    That would properly come within the scope of the duty of the Attorney-General, who is the only one authorized generally, without special statutory authority, to appear in the courts in behalf of the state.

In this action it is sought to recover interest by way of damages for the retention and use of the county's funds.    If re-

covered, I think it very doubtful if the state would receive any benefit from or be entitled to any of the amount so recovered. At any rate, the section under consideration contemplates the suit for the benefit of the county, and it would appear that it was the county's funds that were to be made the subject of the action. It is true the name of the state may be used, but this is permissive for the purpose of convenience, and I think it would hardly follow as a consequence that the mere title of the action would affect a right so substantive and valuable as that of the repose of the statute of limitations. The real party in interest is the county and, from what has been said, the statute runs against the county. This is so unless this be one of the causes of action which equity will entertain regardless of the statute of limitations; in other words, a cause of action which arises out of a trust of a certain character and which is not permitted, because of equitable considerations, to be barred.

Is the trust here involved of that character? I think there is no disagreement about it being a resulting trust. In *Yearly* v. *Long,* 40 O. S., 32, it was said—

"The class of trusts which as between the trustee and *cestui que trust* is not barred by the statute, embraces those technical, direct and express trusts which are of a nature cognizable solely in equity. It would not, therefore, include the almost innumerable cases of implied and constructive trusts so-called, as for example, deposits or bailments not special in their character, or other trusts analogous to these."

In *Carpenter* v. *Canal Company,* 35 O. S., 317, it was held that trusts which might be the ground of an action at law were not exempted from the operation of the statute.

And in *Bryant* v. *Swetland,* 48 O. S., 205, it was said:

"It is firmly settled in this state that the statute of limitations applies to all civil actions whether they be such as before the adoption of the code of civil procedure were called actions at law or suits in equity except certain specified actions which the statute exempts from its operation."

The code abolished the distinction between forms of action in this state, although of course it could not abolish the inherent

differences between the rights sought to be made the subject of actions and the consequent duties which those rights impose upon others; and, while the fundamental principles underlying the differences between legal and equitable procedure necessarily exist and will exist, yet when 'it comes to the practice of them the Legislature, which has provided that there shall be but one form of action, meant that the statute of limitation should apply to that form of action, unless there was some special exemption. In fact the Supreme Court says, in the case of *Bryant* v. *Swetland,* that ''the statute of limitations applies to all civil actions, whether they be such as before the adoption of the code of civil procedure were called actions at law or suits in equity, except certain specified actions which the statute expressly exempts from its operation.'' The only exceptions as to trusts that I recall are that continuing and subsisting trusts are not subject to the provisions of that chapter. I do not think that this could be called that kind of a trust. It is, as I said before, and there seems to be no contention about it, a resulting trust.

By 1 Pomeroy's Equity Jurisprudence, 2d Edition, Section 418, it seems that the statute of limitations may be invoked in all classes of cases, except in those brought to enforce a trust against an express trustee, and that it may be invoked even in suits to obtain remedy against fraud, on the principle that ''equity aids the vigilant,'' which is merely an extension of the maxim that, ''he who seeks equity must do equity.''

In the case at bar there was no *express* trust; hence, on the authority of Pomeroy (*ante*) and *Yearly* v. *Long* (*ante*) this is not of that character of trust which is within the exception of the statute.

I am of the opinion, therefore, that the statute of limitations applies. The court is further of the opinion that the action is governed by the limitations prescribed by Section 4981. And this upon the authority of the case of *Mount* v. *Lakeman,* 21 O. S., 643. It seems that there would be an implied contract that not only the principal but the increment would be repaid when the relation of trustee and beneficiary arises. While it may

not arise out of any intention to assume that relation, yet the law would imply such a contract between the two which might be enforcible in equity.

I do not think this is an action for relief on the ground of fraud, and if it were the statute would begin to run from the time when the fraud was discovered or ought to have been discovered (2 Pomeroy Equity Jurisprudence, Section 917). And surely the presence among the funds in the treasurer's office of certificates of deposit, which admittedly were there, ought to have put the commissioners on inquiry, for a certificate of deposit is not cash.

The court is equally clear that there is no merit in the defendant's contention that as long as there was sufficient funds in the bank to pay in full all the monies of the treasurers there deposited, there was no use by the bank of the county's funds and no commingling of them with its own. The evidence indisputably shows the contrary. It also shows the bank obtained a profit on the use by it of some at least of the county's funds. The bank must be presumed to know the law and to know it had no right to retain or use these funds, but as to those checks drawn on itself to pay them on presentation, and as to those drawn on other banks to collect them in the usual course and pay over the proceeds. As to either kind, if it chose to credit the treasurer's private account instead of making a mere collection memorandum, it must be held to have the cash in its hands to meet that credit and hence to have the county's money. Presumably it found it to its advantage so to credit the treasurer or it would not have done it, and it is a fair inference that the transactions were profitable to it. Hence, as to the credits within six years prior to the commencement of this action, the defendant, having profited by the use of the trust funds, ought to account for this profit to the county, and as it is impracticable if not impossible exactly to determine the amount of this profit, interest at six per cent. should be allowed.

A decree may be drawn accordingly.